UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MATTHEW ALAN SMITH,            )
                               )
    *Plaintiff*           )
                               )
v.                             )   No. 2:14-cv-422-JDL
                               )
UNITED PARCEL SERVICE, INC.,   )
                               )
    *Defendant*           )


### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND RECOMMENDED DISMISSAL OF THE CASE IN ITS ENTIRETY

The *pro se* plaintiff has filed an application for leave to proceed *in forma pauperis* (ECF No. 3) along with his complaint alleging negligence and breach of contract, apparently in connection with the defendant's termination of his employment. Amended [sic] Complaint (ECF No. 1). I grant the plaintiff's request for leave to proceed *in forma pauperis*, but also recommend that the court dismiss the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). However, section 1915(e)(2)(B) also provides, in relevant part:

> [T]he court shall dismiss the case at any time if the court determines that
>   (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such

complaints." *Nietzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S. D. Iowa*, 490 U.S. 296, 307-08 (1989)("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.")

The complaint, so far as it is intelligible, asserts claims for negligence, misrepresentation, intentional tort (otherwise unspecified), and breach of contract, Amended Complaint at [1], [2], & [5]-[6]. With one exception,[1] it appears to be the same complaint filed by the plaintiff in at least 11 other federal district courts, resulting in 11 dismissals and one entry of summary judgment for the defendant. *Smith v. United Parcel Service, Inc.*, No. 14-cv-438-jdp, 2014 WL 5564932, at *1-*2 (W.D. Wis. Nov. 3, 2014). The complaint as filed provides no basis upon which to distinguish it from those rejected in the Western District of Michigan, the Eastern District of Louisiana, the District of Alaska, the District of Vermont, the District of Hawai'i, the Central District of California, the Southern District of Florida, the Northern District of Georgia, the District of Utah, and the District of Colorado, *id*. at *1.

As was the case with the complaint filed in the Western District of Wisconsin, the complaint filed here offers "virtually no *facts*[,]" *id*. at *2 (emphasis in original), and, therefore, does not present "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Nor does it explain why venue is proper in the District of Maine. The case would be vulnerable to dismissal for improper venue because there is no allegation of any events or omissions that occurred in Maine; the complaint alleges only that the plaintiff is a

---

[1] In this court, unlike the complaints that he filed in the other twelve courts, 2014 WL 5564932 at *1, the plaintiff does not assert a claim based on the Americans with Disabilities Act, or a claim of illegal discrimination based on race and gender. *Smith v. United Parcel Service*, Civil Action No. 13-cv-01815-LTB-CBS, 2014 WL 1213466 at *1 (D. Colo. Feb. 28, 2014). This omission has no bearing on the court's analysis of the failure of the instant complaint to state a claim upon which relief may be granted.

2

"nonpermanent resident of Maine" and that the defendant "is a corporate organization with offices formerly located in the state of MAINE who [sic] presently resides at the following address: 55 Glenlake Parkway NE[,] Atlanta, GA 30328." Complaint at [2], [3]. The plaintiff's current address is given as P.O. Box 350217, Westminster, Colorado 80035. *Id*. at [6].

As Judge Peterson wrote in dismissing the complaint brought in the Western District of Wisconsin:

> [I]n light of plaintiff's substantial and unsuccessful history of filing this exact same complaint in other federal district courts, there is reason to question whether plaintiff's claims are barred by the doctrine of claim preclusion. Again, claim preclusion would be an affirmative defense for UPS to raise, but when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.

2014 WL 5564932 at *2 (citation and internal punctuation omitted).

Finally, the only claims asserted in the instant complaint arise under state law, Complaint at [6], and the complaint fails to allege any amount of damages, let alone an amount that equals or exceeds the statutory jurisdictional minimum for cases based upon diversity of residence when they are brought in federal court. *See, e.g., Thomas v. Adecco USA, Inc.*, No. 1:13-cv-00070-JAW, 2013 WL 6119073, at *4 (D. Me. Nov. 21, 2013).

For the foregoing reasons, the plaintiff's request for leave to proceed *in forma pauperis* is **GRANTED**, and I recommend that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 2nd day of February, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge